**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| C&A PLUS, INC. d/b/a C&A Pro, a Minnesota corporation, and DALE DEWAYNE CORMICAN,<br><br>Plaintiffs,<br><br>v.<br><br>PLASTIC SPECIALTIES MANUFACTURING, INC., a Minnesota corporation,<br><br>Defendant. | Civil Action No. 01-CV-1428 (ADM/RLE) |

**PROTECTIVE ORDER**

WHEREAS, each party believes that certain answers to interrogatories, documents and responses during depositions which are or will be encompassed by discovery demands made by the other party contain trade secrets or other confidential research, development, or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS, each party believes that it would serve the interests of the parties to conduct discovery under a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

IT IS HEREBY ORDERED THAT:

1. This protective order shall apply to all information, documents and items owned, controlled or produced in this action by plaintiffs or defendant, including without limitation testimony adduced at depositions upon oral examination or upon written

FILED DEC 24 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

questions pursuant to Rules 30 and 31, answers to interrogatories pursuant to Rule 33, documents produced pursuant to Rule 34, information obtained from inspection of premises or things pursuant to Rule 34, and answers to requests for admission pursuant to Rule 36.

2. It is contemplated that one or more of the parties will make available certain of its files for inspection by certain of the other parties, which files may contain confidential as well as non-confidential material, and that following such inspection, an inspecting party or parties will designate documents to be copied at their expense and the copies furnished or produced to them. All documents and their contents made available for such inspection shall be assumed to be CONFIDENTIAL INFORMATION and shall be treated as such until the producing party has had the opportunity to designate and mark selected furnished documents as CONFIDENTIAL INFORMATION according to paragraph 4 hereof.

3. If, during the course of discovery in this action, certain of the parties hereto, or their representatives, are authorized to inspect another party's facilities, or processes, or articles of manufacture on a party's premises which are not publicly available, any documents or things generated as a consequence of any such inspection shall be treated by the inspecting party, subject to the other provisions of this Order, as comprising or being CONFIDENTIAL INFORMATION and shall be treated as such.

4. Each deposition transcript page or portion thereof, each interrogatory answer or portion thereof, each produced document or portion thereof, each premise or thing or portion thereof, which is deemed by plaintiffs or defendant to disclose confidential information (hereafter "CONFIDENTIAL INFORMATION") will be so identified and

marked by that party as either "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY."

Such identification and marking shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served, when a copy of the document is provided to plaintiffs or defendant, when such inspection of premises or things is made, and, in the case of transcript pages, the designating party shall advise opposing counsel of the specific pages to be maintained in confidence within twenty (20) days after the receipt of the transcript of the deposition. Prior to the termination of said twenty (20) day period, the entire deposition transcript shall be deemed to be confidential. Unless identified and marked or designated in accordance with this paragraph, any confidentiality is waived unless otherwise stipulated or ordered. Any copy made of such document or thing or any abstract, summary or memorandum embodying CONFIDENTIAL INFORMATION pursuant to this Order shall bear on its face the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

5. Until and unless this court rules that any so identified information, document or thing is not CONFIDENTIAL INFORMATION, or should be disclosed beyond the limits permitted by this order, any access, copying or dissemination of information, documents and things so identified shall be limited to:

(a) Partners and associate attorneys for the firms of Neustel Law Offices, Ltd. and Pemberton, Sorlie, Rufer & Kershner P.L.L.P., trial counsel for plaintiffs in this litigation, other outside counsel to plaintiffs, and stenographic, clerical and paralegal employees of those law firms whose functions require access to such CONFIDENTIAL INFORMATION;

(b) Partners and associate attorneys for the firm of Bartz & Bartz P.A., trial counsel for defendant in this litigation, and other outside counsel to defendant, and stenographic, clerical and paralegal employees of those firms whose functions require access to such CONFIDENTIAL INFORMATION;

(c) Officers of the parties, C & A Plus, Inc. and Plastic Specialties Manufacturing, Inc., provided that each such person has first signed an Undertaking in the form attached hereto as Exhibit B;

(d) Outside experts or outside consultants retained by plaintiffs or defendant for purposes of this litigation and their staff, provided that each such person has first signed an Undertaking in the form attached hereto as Exhibit A; and

(e) Confidential Information marked "ATTORNEYS' EYES ONLY" will be disclosed and disseminated only to (1) the persons designated in paragraphs (a) and (b) above; and (2) outside experts under the provisions of preceding subparagraph (d), provided that each such person has signed an Undertaking in the form attached as Exhibit A.

6. (a) CONFIDENTIAL INFORMATION so marked or designated as specified in paragraph 4 hereof shall not be made public by the party to whom it is disclosed, unless it properly becomes part of the public record of this action.

(b) CONFIDENTIAL INFORMATION may be included in whole or in part in pleadings, motions, briefs, or other submissions to the court, provided that any pages including such CONFIDENTIAL INFORMATION be marked as specified in paragraph 4. Such pleadings, motions, briefs, or submissions containing CONFIDENTIAL

INFORMATION shall be filed with the Clerk of the Court in sealed envelopes prominently marked with the caption of this case and the notation:

CONTAINS CONFIDENTIAL INFORMATION

SUBJECT TO PROTECTIVE ORDER

To Be Opened Only As

Directed By The Court

The first page of such pleadings, motions, briefs or submissions shall include the same notation.

7. Acceptance by plaintiffs or defendant of information, documents, or things identified as confidential in accordance with paragraph 4 shall not constitute a concession that the information, documents, or things are confidential. If, subsequent to the acceptance of information, documents, or things identified as confidential hereunder, plaintiffs or defendant wishes this Court to rule upon a claim of confidentiality, plaintiffs or defendant may move this Court for such a determination. In the resolution of such motion, the burden of establishing the confidentiality of the information, document, or thing shall be on the party who made the claim of confidentiality.

8. This Protective Order shall not prevent either of the parties from applying to the Court for relief therefrom or from applying to the Court for further or additional protective orders, or from agreeing between themselves to modification of this Protective Order, subject to the approval of the Court. The Court shall retain jurisdiction, even after termination of this suit, to resolve such issues.

9. CONFIDENTIAL INFORMATION identified in accordance with paragraph 4 hereof may be used to prepare for discovery and/or trial and/or any motions in this action,

during testimony in this action (both during trial and deposition), during any motion hearings, and during discovery, and may be offered in evidence at the trial of this action or in support of or in opposition to any motions in this action, subject to the rules of evidence and subject to any further Order as this Court may enter, but may not be used for any other purpose, except as expressly provided herein. When used in open court such CONFIDENTIAL INFORMATION shall be received in camera, as directed by the Court.

10. This Order shall not preclude either party from enforcing its rights against any other party or any third party believed to be violating the rights of any party.

11. As discovery proceeds, the parties undertake to cooperate and reasonably agree to the removal of designated documents from the scope of this Order with the objective that the issues in this litigation will be tried and determined on an open record.

12. If a receiving party believes it necessary to disclose CONFIDENTIAL MATERIALS to individuals other than those referred to in paragraph 5, or disclose CONFIDENTIAL MATERIALS marked "Attorney's Eyes Only" to individuals other than those referred to in paragraph 5, then it shall so notify the designating party's counsel in writing, identifying the individual, the information to be disclosed, and that the individual has agreed to be bound by the terms and provisions of this Protective Order in the manner provided for in paragraph 5. Within fifteen (15) days after receipt of such notice, the designating party may object to the disclosure by notifying the receiving party in writing of said objection. If the parties are unable to resolve the objection amicably within ten (10) days following said fifteen (15) day period, then either party may apply to

the Court for a determination as to whether or not the disclosure may be made, in which case disclosure under this paragraph 12 shall be withheld pending the Court's ruling.

13. After final termination of this case, receiving outside counsel may retain one copy of each document containing CONFIDENTIAL INFORMATION marked as specified in paragraph 4 hereof for reference in the event of disputes over the use or dissemination of information designated confidential, and may retain documents, things, copies and samples to the extent they include or reflect receiving attorney's work product. With respect to any retained CONFIDENTIAL INFORMATION, this Protective Order shall survive the final termination of this action to the extent that the information in such CONFIDENTIAL INFORMATION is not or does not become known to the public. After final termination of this case, receiving counsel shall return all additional copies and samples of CONFIDENTIAL INFORMATION in his possession, custody or control to counsel for the party who has provided them in discovery, or certify destruction thereof.

14. If counsel for either party believes that questions put to a witness being examined in pretrial deposition will disclose CONFIDENTIAL INFORMATION or that the answers to any question or questions require such disclosure, or if documents to be used as exhibits during the examination contain such CONFIDENTIAL INFORMATION, such counsel shall so notify opposing counsel and the deposition of such witness, or confidential portions thereof, shall be taken only in the presence of persons identified in paragraphs 5(a) and 5(b) herein, the reporter, and persons who have signed an undertaking to be bound by the provisions of the Protective Order in the form of Exhibit "A."

15. No copy of any transcript of any deposition taken by any party, which is designated in part or in whole as CONFIDENTIAL shall be prepared or furnished by the reporter to any person other than to outside counsel for the parties. Neither the original nor any copy of any transcript of any deposition taken in this action shall be filed in court until the parties' attorneys of record indicate those portions, if any, of the transcript regarded as CONFIDENTIAL and have agreed upon necessary corrections, and if given a CONFIDENTIAL classification, the transcript shall be retained by said counsel or filed under seal in accordance with paragraph 6, supra, unless otherwise agreed upon by the parties.

16. (a) If a furnishing party inadvertently produces any document or thing containing information that it deems confidential without designating it as "CONFIDENTIAL," the furnishing party shall promptly upon discovery of such inadvertent disclosure in form the receiving party in writing. The receiving party shall treat the information as CONFIDENTIAL INFORMATION. To the extent such document, thing or information may have been disclosed to persons other than authorized person, the receiving party shall make every reasonable effort to retrieve the information promptly from such persons and to avoid any further disclosure to non-authorized persons.

(b) If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party shall assert that such disclosure waived any privilege or immunity. The receiving party will return

such inadvertently produced information and all copies within ten days of receiving a written request. The party having returned such inadvertently produced item or items of information may thereafter seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

Date: December 19th, 2002

By: ______________________

Michael S. Neustel, No. 05452
NEUSTEL LAW OFFICES, LTD.
2534 South University Drive, Suite 4
Fargo, ND 58103
Telephone: (701) 281-8822
Facsimile: (701) 237-0544

Kent D. Mattson, No. 239744
PEMBERTON, SORLIE, RUFFER, AND KERSHNER, P.L.L.P.
110 North Mill Street
Fergus Falls, MN 56538
Telephone: (218) 736-5493
Facsimile: (218) 736-3950

ATTORNEYS FOR PLAINTIFFS

Date: December 16, 2002

By: ______________________

Richard O. Bartz, No. 5174
BARTZ & BARTZ, P.A.
Southdale Office Centre
6750 France Avenue South, Suite 350
Edina, MN 55435
Telephone: (952) 920-3959
Facsimile: (952) 920-6494

ATTORNEYS FOR DEFENDANT

IT IS SO ORDERED.

BY THE COURT:

______________________
Raymond L. Erickson
United States Magistrate Judge

Dated: December 24, 2002
At Duluth, Minnesota

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| C&A PLUS, INC. d/b/a C&A Pro, a Minnesota corporation, and DALE DEWAYNE CORMICAN, | ) | |
| Plaintiffs, | ) | Civil Action No. 01-CV-1428 (ADM/RLE) |
| v. | ) | |
| PLASTIC SPECIALTIES MANUFACTURING, INC., a Minnesota corporation, | ) | |
| Defendant. | ) | |

**<u>CONFIDENTIALITY UNDERTAKING</u>**

UNDERTAKING OF: ________________

I, ________________, being duly sworn, state that:

1. My address is ________________________________.

2. My present employer is ________________________________ and the address of my present employment is ______________________________________________.

3. My present occupation or job description is______________________________.

4. I have carefully read and understand the provisions of the Protective Order in this case signed by Magistrate Judge ________________ and dated ____________, and I will comply with all of the provisions of the Protective Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Protective Order, any CONFIDENTIAL INFORMATION or any words, summaries, abstracts or indices of CONFIDENTIAL INFORMATION disclosed to me.

6. I will return all CONFIDENTIAL INFORMATION and summaries, abstracts and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

Dated:____________________ ________________________________

Subscribed and sworn to before me
this ______ day of _____________, 200_.

________________________________
Notary Public
My Commission Expires:

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| C&A PLUS, INC. d/b/a C&A Pro,<br>a Minnesota corporation, and<br>DALE DEWAYNE CORMICAN,<br><br>Plaintiffs,<br><br>v.<br><br>PLASTIC SPECIALTIES MANUFACTURING,<br>INC., a Minnesota corporation,<br><br>Defendant. | ) | Civil Action No.<br>01-CV-1428 (ADM/RLE) |

**CONFIDENTIALITY UNDERTAKING**

I, ______________________________, being duly sworn, hereby state:

1. I am an officer or employee of [C&A Plus, INC. / Plastics Specialties Manufacturing, Inc.]. holding the position of ___________________ and maintaining an office and place of business at ______________________ ______________________________________________________.

2. I have received a copy of the Protective Order entered in this action, and have read and understand its terms. I hereby agree to be bound by the terms of that Order.

3. I hereby consent to the exercise of personal jurisdiction over me by the Court in this action for the purposes of enforcing the terms of the Protective Order.

_________________________________

(Signature)

Subscribed and sworn to before me
This ____day of ___________, 2002.

_____________________________
Notary Public

**EXHIBIT B**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.